**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**GURAL FOSTER**                                                                           **PLAINTIFF**

**V.**                      **CASE NO.: 4:09CV00073 JLH/BD**

**SOCIAL SECURITY ADMINISTRATION**                      **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections**

This recommended disposition has been submitted to Chief United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy of objections must be served on the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

Mail objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.    Background

Plaintiff Gural Foster filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") and Supplemental Security income ("SSI") under Title XVI of the Act with the Social Security Administration on August 14, 2007.  (#13 at p. 9)  The Commissioner denied his applications initially and upon reconsideration. (#13 at p. 9)  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on October 25, 2007.  (#13 at p. 9)  An ALJ held a hearing on Mr. Foster's application on December 10, 2008.  (#13 at p. 9)

Mr. Foster filed a complaint (#2) in this Court against the Commissioner of the Social Security Administration (the "Commissioner") on February 3, 2009, requesting the Court determine whether he is entitled to DIB and SSI.  Plaintiff subsequently filed an amended complaint (#6) alleging the same facts as in his complaint but attaching documents he had received from the Commissioner including a hearing notice dated November 19, 2008.  In response to the complaint and amended complaint, the Commissioner has filed a motion to dismiss for lack of subject matter jurisdiction and memorandum in support (#13).  Plaintiff has filed a one page response to the motion (#14) containing allegations similar to those in his complaint.

**III.     Discussion**

Under 42 U.S.C. § 405(g), "[a]ny individual, *after any final decision of the Commissioner* of Social Security made after a hearing to which he was a party . . . may obtain a [judicial] review of such decision by a civil action."  42 U.S.C. § 405(g) (emphasis added).  Further, 42 U.S.C.A. § 405(h) provides "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."  42 U.S.C.A. § 405(h)

In *Weinberger v. Salfi*, 422 U.S. 749, 766, 95 S.Ct. 2457, (1975), the United States Supreme Court considered a case dealing with § 405(h) and § 405(g) of the Social Security Act and concluded that the term "final decision" in § 405(g) is a "statutorily specified jurisdictional prerequisite."  Accordingly, whether the Court has subject matter jurisdiction over this case depends on whether the actions taken by the Commissioner thus far constitute a "final decision" under 42 U.S.C. § 405(g).

As an attachment to his motion to dismiss, the Commissioner provided the affidavit of Patrick J. Herbst, the Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review for the Social Security Administration.  (#13 at p. 8)  In his affidavit, Mr. Herbst states that as of May 4, 2009, the ALJ who conducted the hearing in Mr. Foster's case had not issued an opinion.  (#13 at pp. 9-10)  Mr. Herbst further states that his office administers a nationwide hearing and appeals program, and under the regulations of the Social Security

Administration, a decision does not become a "final decision" within the meaning of 42 U.S.C. § 405(g) "until the Appeals Council denies a timely request for review of a hearing decision." See 20 C.F.R. § 416.1400(a) (the administrative review process of the Social Security Administration includes initial determination, reconsideration, ALJ hearing, and review by Appeals Council); *Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir.1992) ("[T]he Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted."). The ALJ has not issued a decision in Mr. Foster's case, and the Commissioner has not rendered a "final decision."

**IV.   Conclusion**

Accordingly, the Court recommends that the District Court grant the Commissioner's Motion to Dismiss and dismiss the case without prejudice for lack of subject matter jurisdiction.

DATED this 1st day of June, 2009.

UNITED STATES MAGISTRATE JUDGE